UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

JAMES DAVID ADKINS

PLAINTIFF

v.                                                    CIVIL ACTION NO. 4:08CV-P8-M

NORMAN PAYTON et al.                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff, James David Adkins, filed a *pro se*, *in forma pauperis* complaint pursuant to 42

U.S.C. § 1983 (DN 1).  This matter is before the Court for screening pursuant to 28 U.S.C.

§ 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons set forth

below, the action will be dismissed in part and allowed to proceed in part.

## AMENDMENT TO COMPLAINT

Before the Court considers the complaint in this matter, the Court first considers a letter

from Plaintiff filed after he filed his complaint in which he simply states that he had left a page

out of his complaint stating that it was his Fourth, Fifth, Sixth, and Fourteenth Amendments

rights which were violated when his home was searched (DN 10).  The Court construes this

letter as a motion to amend the complaint.    Because no responsive pleading has been served,

the Court **GRANTS** Plaintiff's motion to amend his complaint (DN 10).  Fed. R. Civ. P.

15(a)(1)(A).

## I. SUMMARY OF CLAIMS

Plaintiff is incarcerated at the Green River Correctional Complex (GRCC).  He sues in

their individual capacities Deputy Sheriffs Norman Payton, Greg Clark, and Chris Stafford;

"Kentucky State Police" Brian Whitaker; and Deputy Tracy Beaty.  He states that in January

2006, Whitaker, Payton, Clark and others appeared at his house stating that they had a search warrant, which he alleges that they refused to show him despite his repeated requests to see it. He alleges that actually the warrant was not obtained until after he was booked into the detention center.

Second, he alleges that while at the Ohio County Detention Center he fell and injured his left leg, requiring him to have surgery. He states that he was denied proper medical attention in that he was forced to wear dirty bandages for several days and was in extreme pain. He states that he was sent to another detention center for a brief period as a form of punishment after he asked for medical attention. In his third claim, Plaintiff states simply that on another occasion Stafford and Beaty executed a search warrant, which had the wrong address and description of the house on it. As relief, Plaintiff asks for monetary and punitive damages and "resignations."

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its

2

face." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, ___, 127 S. Ct. 1955, 1974 (2007).

### *Claims regarding medical treatment*

Plaintiff simply alleges that while at the Ohio County Detention Center he fell and injured his left leg, requiring him to have surgery; that he was forced to wear dirty bandages for several days and was in extreme pain; and that he was briefly sent to another detention center as punishment after he asked for medical attention.  He does not allege that any of the named defendants performed these actions.  Plaintiff's claim regarding his medical treatment is based merely on conclusional allegations and states absolutely no facts regarding personal involvement by any named defendant.  Some factual basis for such claims must be set forth in the pleadings. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986).  The Court is not required to accept conclusory and unsupported statements. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).  The specific facts must explain how the defendant is personally responsible for the alleged injuries. *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985).  Plaintiff's complaint fails to do so.  As such, these claims must be dismissed for failure to state a claim. *See Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (per curiam) (stating that personal involvement by the defendant is an essential element in a § 1983 cause of action asserting a constitutional deprivation).

### III. <u>CONCLUSION</u>

For the foregoing reasons, by separate order, Plaintiff's claims regarding his health care will be dismissed for failure to state a claim.  The Court will allow Plaintiff's claims regarding the search warrants to go forward.  In doing so, the Court does not pass judgment on the ultimate

merit of those claims.  A separate order will be entered to govern the development of those

claims.

Date:




cc:     Plaintiff, *pro se*
        Defendants
        Ohio County Attorney
4414.009