UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

JAMES DAVID ADKINS                                                                                               PLAINTIFF

v.                                                                                  CIVIL ACTION NO. 4:08-CV-P8-M

NORMAN PAYTON et al.                                                                                        DEFENDANTS

**MEMORANDUM OPINION**

Defendant Brian W. Whittaker has moved to dismiss the claim against him based on the one-year statute of limitations (DN 17). Plaintiff has responded (DN 29), and Defendant has replied (DN 34). This matter is now ripe for review.

Plaintiff's complaint states that in January 2006 his home was searched and that he was told by Defendants that they had a search warrant but when Plaintiff asked to see it, he was told they did not have to show it to him. According to Plaintiff the warrant was not obtained until after he had been booked into the detention center, and he did not see it until it was "included in my motion of discovery." He alleges that the illegal search of his home violated his Fourth, Fifth, Sixth, and Fourteenth Amendment rights.

In his motion to dismiss, Defendant Whittaker argues that the complaint should be dismissed as outside of the one-year Kentucky statute of limitation because claims premised on violation of the Fourth Amendment in the unlawful arrest context accrue at the time of arrest or at the latest when the criminal defendant is bound over by the legal process following arrest. Defendant Whittaker argues that, similarly, Plaintiff's complaint regarding the allegedly illegal search, filed in January 2008, two years after the January 2006 search, is time-barred.

In his response, Plaintiff argues that falsified information was used to obtain the search warrant. He also argues that he is still suffering from the illegal procedures used by Defendants.

In reply, Defendant Whittaker argues that Plaintiff does not address the statute-of-limitations issue and that he is collaterally estopped from challenging the legality of the search in this case because his motion to suppress based on the search was denied by the state court.

Under Fed. R. Civ. P. 12(b)(6), the Court may dismiss for failure to state a claim upon which relief can be granted. In deciding a motion brought under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff, accepting all of the plaintiff's allegations as true. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). Further, "the allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

Under Fed. R. Civ. P. 12(d), "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." The Sixth Circuit has interpreted the language of former Rule 12(b)(6), which is mirrored in current Rule 12(d), to require "unequivocal notice" of the conversion of the motion to dismiss to one for summary judgment. *See Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004). Because that notice has not occurred in this matter, the extraneous material attached to Defendant Whittaker's reply cannot now be considered.

Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-80

(1985). Thus, in Kentucky, § 1983 actions are limited by the one-year statute of limitations found in KY. REV. STAT. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action and that a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id.* at 183.

In *Wallace v. Kato*, 549 U.S. 384, 391-92 (2007), the Supreme Court held that the limitations period for a claim for unlawful arrest began to run when the arrestee appeared before a magistrate and was bound over for trial, not when he was released from custody after the charges were dropped. As *Wallace* explained, "it is the standard rule that [accrual occurs] when the plaintiff has a complete and present cause of action." *Wallace*, 549 U.S. at 388 (internal quotation marks and citation omitted). Since the Supreme Court's decision in *Wallace*, courts in this circuit have held that a Fourth Amendment search claim accrues at the time of the search because that is when the plaintiff has knowledge of the search and therefore has a complete and present cause of action. *See Stanley v. Malone*, No. 2:07-CV-694, 2009 WL 485491, at *5 (S.D. Ohio Feb. 26, 2009); *Micklin v. Goodell*, No. 1:07-CV-237, 2008 WL 58985, at *3 (W.D. Mich. Jan. 03, 2008); *Waller v. Eby*, No. 3:06-0844, 2007 WL 2822108, at *7 (M.D. Tenn. Sept. 25, 2007); *Pethtel v. Washington County Sheriff's Office*, 2007 WL 2359765, at *9 (S.D. Ohio Aug. 16, 2007). Thus, Plaintiff's complaint regarding the search two years earlier is time-barred as he discovered the alleged violation in January 2006 when the search occurred.

To the extent that Plaintiff's reply can be construed as arguing that there was a continuing violation of his constitutional rights such that his claim should not be considered

time-barred, the Court finds that this argument should be rejected. The continuing-violation doctrine applies if: (1) the defendant's wrongful conduct continues after the precipitating event that began the pattern; (2) injury to the plaintiff continues to accrue after that event; and (3) further injury to the plaintiff was avoidable if the defendant had at any time ceased its wrongful conduct. *Tolbert v. State of Ohio Dep't of Transp.*, 172 F.3d 934, 940 (6th Cir. 1999). The continuing-violation doctrine typically arises in the context of employment-discrimination cases and is rarely extended to § 1983 claims. *Sharpe v. Cureton*, 319 F.3d 259, 267 (6th Cir. 2003).

Here, it is the illegal search that triggered Plaintiff's claim, "even though the effects of those police actions may have continued into the future." *Stanley*, 2009 WL 485491, at *7. Thus, the continuing-violation doctrine is not applicable.

Although Defendant's motion does not address Plaintiff's amended complaint's reference to the Fifth, Sixth, and Fourteenth Amendments, the Court, *sua sponte*, finds that those claims fail to state a claim for which relief may be granted. "Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (internal quotation marks and citation omitted). Plaintiff's claims that Defendants conducted an illegal search are based on the Fourth Amendment's prohibition against unreasonable searches and seizures. *See Chin v. Wilhelm*, 291 F. Supp. 2d 400, 404 (D. Md. 2003). Accordingly, Plaintiff has no cause of action based on the Fifth or Fourteenth Amendment.[1]

---

[1] Both the Fifth and Fourteenth Amendment have due process clauses. The Fourteenth Amendment's Due Process Clause restricts the activities of the states and their instrumentalities; the Fifth Amendment's Due Process Clause circumscribes only the actions of the federal

Moreover, Plaintiff alleges no cause of action under the Sixth Amendment. The Sixth Amendment provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

The Sixth Amendment is not implicated until adversarial judicial proceedings have been initiated, whereas the conduct in question occurred during execution of a search warrant, before any such process would have begun. *United States v. Gouveia*, 467 U.S. 180, 190 (1984).

Accordingly, Plaintiff's Fourth Amendment claim against Defendant Whittaker is time-barred and for the same reason is legally insufficient against the other named Defendants. Plaintiff's claims under the Fifth, Sixth, and Fourteenth Amendments fail to state a claim. Therefore, by separate Order, the Court will dismiss the claims against all Defendants. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (directing *sua sponte* dismissal at any time of *in forma pauperis* actions if complaint "fails to state a claim upon which relief may be granted").

Date:

cc: Plaintiff, *pro se*
    Counsel of record
4414.009

---

government. *Scott v. Clay County, Tenn.*, 205 F.3d 867, 873 n.8 (6th Cir. 2000). Thus, Plaintiff's citation to the Fifth Amendment Due Process Clause was a nullity and redundant of the invocation of the Fourteenth Amendment. *Id.*